# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

**UNITED STATES OF AMERICA**,

**Plaintiff,**

v.

**JAMES L. QUIRIN,**

**Defendant.** No. 11-30209-DRH

## MEMORANDUM and ORDER

**HERNDON, Chief Judge:**

### I. Introduction

Pending before the Court is defendant's motion to recuse the Court (Doc. 21). Specifically, defendant argues that the United States District Court for the Southern District of Illinois is allegedly a victim in this case and, therefore, recusal is proper. The government opposes the motion (Doc. 23). Based on the following, the Court **DENIES** the motion.

On November 17, 2011, the grand jury charged defendant with mail fraud (Counts 1 & 2); wire fraud (Counts 3 - 7); and theft of government funds (Count 8) all in violation of 18 U.S.C. § § 1341, 1343 and 641, respectively (Doc. 9). The indictment alleges that from February 2009 through October 2010, Quirin

fraudulently and falsely applied for and received Unemployment Insurance with the State of Illinois while he was working on behalf of Clark Trucking, Inc. and receiving significant compensation for his work. The indictment further alleges that the false claim of destitution was to avoid posting collateral in the amount of $246,027.00 in a civil lawsuit in which Quirin was a named defendant, *see First National Insurance Co. of America v. C. Grantham Co., Inc., et al.,* 08-CV-0781-GPM. The indictment also alleges that in the civil case defendant provided a letter to District Judge Murphy wherein he falsely claimed to be unemployed and to have no other source of income.

## II. Motion to Recuse

Canon 3, Section A sets out the adjudicative responsibilities of a federal judge. Specifically, subsection 2 thereof states: "A judge should hear and decide matters assigned, unless disqualified, and should maintain order and decorum in all judicial proceedings." Subsection C describes the area of disqualification.

According to 28 U.S.C. § 455(a) "[a]ny justice, judge, or magistrate of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." *See Liteky v. United States,* 510 U.S. 540, 548 (1994). Section 455(a) has been termed the "'catchall' recusal provision, covering both 'interest and relationship' and 'bias and prejudice grounds." *Id.* at 548. Actual bias is not necessary; the appearance of bias is adequate to trigger recusal under § 455. The inquiry under § 455(a) is based on an objective standard. *Id.* Thus, the inquiry to be made is "whether a reasonable person perceives a significant risk that the judge will resolve the case on a basis other than the merits." *Hook v. McDade,*

89 F.3d 350, 354 (7th Cir.1996) (citation omitted). "The decision whether a judge's impartiality can 'reasonably be questioned' is to be made in light of the facts as they existed, and not as they were surmised or reported." *Cheney v. United States District Court for the District of Columbia,* 541 U.S. 913, 124 S.Ct. 1391, 1392 (2004) (quoting *Microsoft Corp. v. United States,* 530 U.S. 1301, 1302 (2000)).

This inquiry is made based on a reasonable person standard, as opposed to "a hypersensitive or unduly suspicious person." *Hook*, 89 F.3d at 354 (citation omitted). Thus, trivial risks of perceived impartiality are insufficient to warrant recusal. *See Id.* The objective, reasonable person standard of § 455(a) is intended to promote public confidence in the impartiality of the judicial process. "In furthering the policy of public confidence in the impartiality of the judicial process, a court faced with motion under § 455(a) must recuse itself where valid reasons are presented, and must not recuse itself where the proffered reasons are not valid." *New York City Housing Development Corp. v. Hart,* 796 F.2d 976, 981 (7th Cir.1986); *see also United States v. Baskes,* 687 F.2d 165, 170 (7th Cir.1981) (rev'd on other grounds) ("A motion for recusal should not be granted lightly; a judge is under as much obligation not to recuse himself when facts do not show prejudice as he is to recuse himself if they do.").

Under 28 U.S.C. § 455(b)(1) a judge must recuse he "has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding." Recusal under Section 455(b)(1) "is required only if actual bias or prejudice is proved by compelling evidence." *Hook,* 89 F.3d at 355. As

the Supreme Court has explained, neither judicial rulings nor opinions formed by the judge as a result of current or prior proceedings constitute a basis for recusal "unless they display a deep-seated favoritism or antagonism that would make fair judgment impossible." *Liteky*, 510 U.S. at 555.

A judge has an obligation to hear cases before him where there is no legitimate reason for recusal. *New York City Hous. Dev. Corp.*, 796 F.2d at 980-81. "The statute must not be so broadly construed that it becomes, in effect, presumptive, so that recusal is mandated upon the merest unsubstantiated suggestion of personal bias or prejudice." *Nichols v.* Alley, 71 F.3d 347, 351 (10th Cir. 1995). The Court is also mindful that the statute is not a judge-shopping device. *Id.*; *Hook*, 89 F.3d at 354.

### III.  Analysis

Here, defendant argues that the undersigned and the bench of the Southern District of Illinois should recuse to avoid impediments to due process and to avoid the appearance of impropriety. His arguments in favor of recusal are: (1) the Southern District of Illinois is a victim of defendant's alleged criminal conduct and (2) that a judge or judges from this judicial district may be called as a witness to testify about the allegations in the indictment pertaining to the civil case. Defendant argues that "as the Southern District of Illinois is the victim of the alleged fraud, a potential for bias that could violate the due process clause exists because the judge is part of the allegedly defrauded entity and that the average judge would be tempted to side with the court, and be predisposed to place greater weight on the testimony

of a fellow judge that has served this court for thirteen years, with seven of those years as the chief judge." (Doc. 21, p. 4). The government responds that the Southern District of Illinois is not a victim in that it was defendant's effort to mislead the court that helped him avoid monetary obligations to a private party that sued him and that Judge Murphy is not a potential witness in this case as there is nothing in the criminal case that would require or permit Judge Murphy's testimony.

The Court agrees with the government. The Southern District of Illinois is not a victim in this case. The Southern District of Illinois has no financial interest in the outcome of this case or in any of the cases it hears. Further, the Court will not have to assess the credibility of Judge Murphy, if he testifies, as a witness as since this is a jury case. Moreover, the undersigned does not have a personal bias or prejudice towards defendant or personal knowledge of the disputed evidentiary facts in this case. This judge never heard of the underlying case or the defendant before being assigned the instant case and has never discussed either with Judge Murphy. Based on facts surrounding this case, the Court finds there is not an impediment to due process and that a reasonable person would not find an appearance of impropriety in this case. There is a general presumption that a court acts according to the law and not personal bias or prejudice. *Withrow v. Larkin*, 421 U.S. 35, 47 (1975). A sufficient affidavit contains facts that, if true, would convince a reasonable person that actual bias or prejudice exists on the part of the judge. *United States v. Barnes*, 909 F.2d 1059, 1071 (7th Cir.1990). Defendant's motion simply does not meet these standards under even the most liberal of readings.

### IV.  Conclusion

Accordingly, the Court **DENIES** the motion to recuse the Court (Doc. 21).  The Court **REMINDS** the parties that this matter is set for jury trial on February 6, 2012 at 9:00 a.m.

**IT IS SO ORDERED.**

Signed this 20th day of January, 2012.

/s/   David R Herndon
Chief Judge
United States District Court